

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2479 | **DATE** | 4/17/2001 |
| **CASE TITLE** | V & V Construction Co. etc. etal. Vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 19 2001 date docketed | |
| | Notified counsel by telephone. | | | 22 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail A 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 APR 18 AM 8:49 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DOCKETED
APR 1 9 2001

| | |
|---|---|
| V & V CONSTRUCTION COMPANY, a partnership, PHILLIP VAZZANA, and JOSEPH N. VALENZA, Partners,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 00 C 2479<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, V & V Construction (V & V) and partners, Phillip Vazzana (Vazzana) and Joseph Valenza (Valenza), commenced a refund suit seeking a refund of monies paid to the Internal Revenue Service (IRS). The United States filed a counterclaim seeking payment of all funds assessed against plaintiffs. Before this Court are the parties' cross-motions for summary judgment.

Summary judgment is proper if " the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be drawn from the evidence is viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). However, the nonmovant must still come forward with evidence establishing the elements of its claim on which it bears the burden of proof at trial. *Miller*, 203 F.3d at 1003.

V & V was a general contractor in the business of remodeling small commercial and residential projects during the years in suit --1988, 1989, and 1990. (Def.'s 56.1(a)(3) Statement of

22

Facts ¶ 1). Vazzana and Valenza operated V & V as a partnership with each owning a 50% share. (Id., at ¶ 2). V & V employed Janet Woratscheck (Woratscheck) as a part-time secretary, and most of the remodeling work was performed by subcontractors. (Id., at ¶¶ 3-4). Prior to a subcontractor being engaged for a project, Woratscheck would mail the subcontractor a form letter and a Form W-9, Request for Taxpayer Identification Number and Certification. (Id., at ¶ 7). Vazzana, Valenza, and Woratscheck believed that one of the other individuals was responsible for obtaining and keeping track of the W-9 forms. (Id., at ¶¶ 9-14).

In 1989 or 1990, IRS Revenue Agent John Lee (Lee) was assigned to examine the 1988 partnership return of V & V. Subsequently, he was assigned to also review the 1989 and 1990 returns. (Def.'s 56.1(a)(3) Statement ¶ 25). Lee became aware and verified that V & V had not filed any 1099 Forms with respect to its subcontractors and independent contractors to whom payments for services had been made during 1988-1990. (Id., at ¶ 26). Lee requested that V & V submit 1099 Forms to him for each subcontractor that was not a corporation for each of these years. (Id., at ¶ 27). Most of the requested 1099 Forms were submitted to Lee or his colleague, Dennis O'Meara (O'Meara). Lee determined that the 1099 Forms had not actually been filed with the IRS, and he imposed a penalty under § 6722 against the taxpayers for failing to file Forms 1096 and 1099. He also determined that V & V should have backup withheld 20% of all the payments it made to subcontractors in 1988-1990 pursuant to § 3406 of the Revenue Code. (Id., at ¶¶ 28 - 30; Plaint.'s Summary of Facts).

Plaintiffs appealed Lee's assessment to the IRS Appeals Office, arguing that V & V was not subject to backup withholding. (Def.'s 56.1(a)(3) Statement ¶ 31, Plaint.'s Summary of Facts). During the appeal, Appeals Officer Robert De Dera and representative for V & V agreed that during

2

the years 1988-1990, twelve of the subcontractors engaged by V & V met the threshold requirement of § 3406 -- they received payments in excess of $600 for the year. V & V submitted to the Appeals Officer a Form 4670, Request for Relief from Payment of Income Tax Withholding, and Forms 4669, Statement of Payment Received, for each of the twelve subcontractors. (Def.'s 56.1(a)(3) Statement ¶ 32). By signing the 4669 Form, V & V declared, under penalty of perjury, that "The above payments on which there was no withholding of federal income or social security tax were reported on my tax return, described below. The taxes due on that return have been paid in full." (Id., at ¶ 33).

Among the Forms 4669 V & V submitted to the Appeals Officer were three forms signed by subcontractor J.B. Johnson (Johnson) in which he claimed that the amount listed on each form was reported as income on his personal tax return for the years 1988-1990. (Def.'s 56.1(a)(3) Statement ¶ 43). Previously, in the United States Tax Court during the trial of Vazzana and Valenza for income tax deficiencies, Johnson testified that he never reported the amounts he received from V & V in 1988 and 1989, and an IRS Certificate of Lack of Record showed that Johson had not filed any tax returns for the years 1988-1990. (Id., at ¶ 44). The Appeals Officer rejected Johnson's 4669 Forms and found V & V was liable for the 20% withholding tax of the amounts paid to Johnson during 1989-1990, amounting to $1,513.60, $7,200, and $8,000, respectively. (Id., at ¶ 46). The 4669 Forms of the remaining eleven subcontractors were accepted, and V & V was relieved from paying the 20% withholding tax with respect to these eleven subcontractors. (Id., at ¶ 47).

V & V was also held liable for penalties and interest computed on the aggregate amounts of the payments V & V made to the subcontractors during each of the years in the suit on grounds that V & V failed to comply with the applicable withholding provisions of § 3406. (Def.'s 56.1(a)(3)

Statement ¶ 47). In addition, a penalty was assessed against V & V for failure to comply with the statutory requirement that it file 941 Forms and pay the withheld taxes during the years in suit. (Id., at ¶ 48). A negligence penalty was also assessed against V & V for the year 1988. (Id., at ¶ 49). The penalties and interest on the penalties assessed against V & V totaled $75, 868.96. (Id., at ¶¶ 50-51). On September 29, 1998, plaintiffs paid $5,759.68 and filed a Claim for Refund with the IRS. The IRS did not respond to the request, and plaintiffs filed the present suit. (Id., at ¶¶ 52-53).

Plaintiffs allege that they should not be subject to the penalties and interest assessed against them for their failure to pay backup withholding of some of their subcontractors. Plaintiffs do not dispute that twelve subcontractors that the plaintiffs engaged fell within § 3406 and that the twelve subcontractors had not furnished their TINs prior to receiving payment from plaintiffs. Plaintiffs also admit that they did not withhold 20% of the subcontractors' reportable payments pursuant to § 3406. Plaintiffs argue that they were properly fined pursuant to § 6722[1] for their failure to furnish certain statements to the IRS, and the backup withholding provision of § 3406 was never triggered because payees furnished their TIN's in 1990 or 1991 when the plaintiffs asked for the TIN's in conjunction with the IRS audit. Therefore, the payee never failed to furnish his TIN to the payor as required by § 3406. In other words, the payees cooperated, and § 3406 is only triggered when the payee fails to cooperate and will not furnish their TIN's.

Defendant alleges that plaintiffs are liable for the penalties and interest assessed by the Appeals Officer for the twelve subcontractors. Defendant argues that the test is not whether the payee would have refused to furnish a TIN had he been asked to provide one. Instead, the test is

---

[1] Section 6722 provides a penalty of $50 for each statement that a payor fails to furnish. 26 U.S.C. § 6722. Plaintiffs do not dispute this penalty.

4

whether the payee failed to furnish his TIN, for whatever reason, before payment was made.

In statutory construction cases, "the beginning point must be the language of the statute, and when the statute speaks with clarity to an issue, judicial inquiry into the statute's meaning, in all but the most extraordinary circumstances, is finished." *United States v. Kirschenbaum*, 156 F.3d 784, 789 (7th Cir. 1998). Words of a statute must be read in their context and with a view to their place in the overall statutory scheme. *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 809 (1989).

Backup withholding is required pursuant to 26 U.S.C. § 3406. Section 3406 provides that an employer is required to deduct and withhold, in the case of any reportable payment, a tax equal to 20% of such payment if the payee fails to furnish his taxpayer identification number (TIN) in the manner required. 26 U.S.C. § 3406(a)(1)(A). The "manner required" is either orally or in writing. 26 C.F.R. § 31.3406(d)-1(d).

Section 3406(h)(10) provides that payments that are subject to the backup withholding are treated as if they were wages paid by the employer to an employee. Consequently, the payor is required to file quarterly Forms 941, Employer's Quaterly Federal Tax Return, and pay withheld taxes to the United States. 26 U.S.C. § 6302; 26 C.F.R. §§ 31.6011(a)-4(b), 31.6302-4(b). If a payor fails to deduct and withhold the taxes, but the payor can show that the payee reported the payment on his or her federal income tax, the monies will not be collected from the employer. 26 U.S.C. § 3402(d). However, the payor is not relieved from liability for any penalties or additions to the tax otherwise applicable for such failure to deduct and withhold. 26 U.S.C. § 3402(d).

"[E]very employer making payment of wages shall deduct and withhold upon such wages a tax...." 26 U.S.C. § 3402(a)(1). Withholding "occurs at the time of payment to the employee of his net wages." *Beiger v. Internal Revenue Serv.*, 496 U.S. 53, 60-61 (1990). Backup withholding

5

payments are treated as if they were wages paid by an employer to an employee, and any monies deducted are treated as if they were deducted and withheld under § 3402. 26 U.S.C § 3406(10). Backup withholding is required for the period of time any reportable payment is made by the payor and the time in which the TIN has not been furnished. 26 U.S.C. § 3406(a), (e)(1). Therefore, backup withholding should occur at the time of payment to the employee; and if an employer does not have an employee's TIN at the time of payment, backup withholding is required. *See* 26 C.F.R. § 35a.9999-2, Q.-18 (payor is required to impose backup withholding while waiting receipt of TIN); *see also Beiger*, 496 U.S. at 60-61; *In re Trypucko*, 1995 WL 864095 (Bankr. C.D. Cal. Oct 19, 1995) (finding payor was liable for backup withholding on payments made to workers that he knew had invalid social security numbers).

Under the plaintiffs' interpretation of § 3406, backup withholding would not be required until such time as the employer asks for the TIN and employee fails to furnish the TIN. Under these facts, an employer would never be required to backup withhold if he never asked the employee to furnish his or her TIN. Such a result would be contrary to the requirement that withholding occur at the time of payment and frustrate the purpose thereof. *See* 26 C.F.R. § 35a.9999-2; *Beiger*, 496 U.S. at 60-61; *In re Trypucko*, 1995 WL 864095 (Bankr. C.D. Cal. Oct 19, 1995).

The undisputed facts demonstrate that the twelve subcontractors had not furnished their TIN's at the time plaintiffs made payments to the subcontractors in violation of § 3406. The facts also demonstrate that the Appeals Officer correctly found that plaintiffs were not responsible for the 20% assessment for eleven of the subcontractors because the eleven subcontractors had paid the required taxes. Furthermore, § 3402(d) allows for penalties and interest irregardless of the eleven subcontractors' payment of the required taxes. Accordingly, the assessment of penalties and interest

on such penalties was proper.

Plaintiffs also argue that they were not liable for any withholding tax and penalties and interest for such penalties for J.B. Johnson (the twelfth subcontractor) because the Tax Court, in a different proceeding against Vazzana and Valenza, found that Vazzana and Valenza failed to prove that they paid funds to Johnson, and they could not deduct the alleged funds paid to Johnson. Included in this argument, plaintiffs allege that the defendant is estopped from arguing that Johnson received payment from plaintiffs because the defendant took a contradictory position in the Tax Court, and the Tax Court adopted defendant's position.

However, this position is contrary to plaintiffs' own admissions and the record before this Court. Plaintiffs do not argue that they did not pay Johnson funds, and they concede that they reported to the IRS that they had paid him. Therefore, there are no disputed material facts whether plaintiffs paid funds to Johnson. Furthermore, there are no disputed facts whether plaintiffs failed to withhold 20% of Johnson's payments as required by § 3406 and that plaintiffs failed to establish that Johnson paid such taxes. Accordingly, the imposition of the 20% backup withholding and penalties and interest assessed against plaintiffs regarding payments to Johnson were correct.

For the reasons stated above, plaintiffs' Motion for Summary Judgment is denied, and defendant's Motion for Summary Judgment is granted.

Dated: April 17, 2001

JOHN W. DARRAH
United States District Judge

7